UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Heyward Cecil Dempsey, III, #134171, *aka Heyward Cecil Dempsey,* ) ) ) | C/A No. 4:11-546-DCN-TER |
| Petitioner, ) ) | |
| vs. ) ) | REPORT AND RECOMMENDATION |
| Reynoles, Warden; and Alan Wilson, Attorney General, ) ) | |
| Respondents. ) ) ) | |

The petitioner, Heyward Cecil Dempsey, III ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. This § 2254 action is Petitioner's second request in this Court for habeas relief pursuant to § 2254. *See Dempsey v. Burtt*, C/A No. 4:05-2464-HMH-TER (D.S.C.). Petitioner's § 2254 petition is successive and should be dismissed.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

(1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## BACKGROUND

Petitioner was convicted by a jury of criminal sexual conduct, in the first degree, on April 21, 1998, in a State court, and he was sentenced to thirty (30) years imprisonment. He appealed the result of his criminal case, and the South Carolina Court of Appeals affirmed his conviction and sentence on June 5, 2000. Petitioner filed an application for post-conviction relief ("PCR")

in state court, which resulted in his conviction and sentence being vacated on July 10, 2002. The South Carolina Supreme Court, however, reversed the PCR court on March 21, 2005.

This Court has previously adjudicated a § 2254 petition for habeas relief filed by the Petitioner.[2] Petitioner previously filed a Petition for Writ of Habeas Corpus in this Court on August 23, 2005, (C/A No. 4:05-2464-HMH), which was dismissed upon the granting of Respondents' Motion for Summary Judgment. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") subsequently denied a certificate of appealability and dismissed Petitioner's appeal on January 12, 2007. *Dempsey v. Burtt*, No. 06-7150, 2007 WL 86811 (4th Cir. Jan. 12, 2007)(unpublished).

The current Petition indicates that Petitioner returned to State court and filed second and third PCR actions. ECF No. 1 at 5-7. Both of the PCR actions were dismissed, Petitioner contends incorrectly, as successive and time barred. *Id*. at 5. Petitioner now files a second § 2254 petition in this Court, which is subject to dismissal as successive.

## **DISCUSSION**

The § 2254 petition in this case is subject to dismissal under Rule 9 of the Rules Governing Section 2254 Cases. Rule 9 states "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." On April 24, 1996, habeas law was modified by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").

---

[2] A court may take judicial notice of proceedings had before it in a prior suit. *See Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, [657] (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether 'the application makes a prima facie showing that the application satisfies the requirements of' § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

This Court cannot consider a second or successive § 2254 petition, unless Petitioner obtains a pre-filing authorization from the Fourth Circuit under 28 U.S.C. § 2244(b)(3). Petitioner has not received permission from the Fourth Circuit to file a second or successive § 2254 petition. Petitioner acknowledges in his petition that he filed a previous § 2254 petition, and review of the previous petition indicates that it was considered on the merits, rather than dismissed without prejudice to exhaust state court remedies and return to federal court in a subsequent § 2254 petition. This Court does not have jurisdiction over Petitioner's current § 2254 petition, as Petitioner does not have permission from the Fourth Circuit to file this successive § 2254 petition.

## **RECOMMENDATION**

Accordingly, it is recommended that Petitioner's § 2254 petition for a writ of habeas

corpus be dismissed *without prejudice* and without requiring a response by the respondent.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

May 19, 2011
Florence, South Carolina

**Petitioner's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).